UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PDS ELECTRONICS, INC, | ) | CASE NO. 5:10-cv-02806 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| HI-Z ANTENNAS, et al., | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Stay Proceedings Pending Reexamination (Doc. 18).  For the reasons set forth herein, Plaintiff's motion is GRANTED.

**I.     Background**

The complaint in this matter was filed on December 10, 2010.  Plaintiff allege that Defendants unlawfully infringed upon U.S. Patent No. 7,423,588 (the '588 Patent).  On February 2, 2011, Defendants Hi-Z Antennas and Lee Strahan ("Counterclaimants") answered the complaint and asserted counterclaims seeking declaratory judgment that they did not infringe the '588 Patent and that the '588 Patent is invalid.  To support their counterclaims, Counterclaimants stated that there were printed publications describing the invention patented at least one year prior to the date of the application for the '588 Patent.  Counterclaimants requested reasonable attorney fees and costs incurred in this action.  Defendants Array Solutions and John Terleski sought and were granted additional time to answer the complaint.  On February 22, 2011, Plaintiff filed its motion

to stay these proceedings pending reexamination of the '588 Patent.  In its motion, it notes Counterclaimants' argument regarding Prior Art and explained that the United States Patent and Trademark Office ("PTO") did not consider this Prior Art in allowing the '588 Patent.  "Upon learning of the Prior Art, [Plaintiff] submitted a request to the PTO for the '588 Patent to be reexamined in view of the Prior Art."  Therefore, Plaintiff requests the Court to stay this litigation pending the outcome of the reexamination by the PTO.[1]  Counterclaimants filed a response, opposing the motion to stay, and Plaintiff filed its reply.

## II. Law and Analysis

The Court's authority to order a stay of proceedings pending the outcome of a reexamination of patents-in-suit by the PTO is part of the Court's inherent power to manage its docket.  *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Landis v. North American Co.,* 299 U.S. 248, (1936).  In determining whether to grant such a stay, courts commonly consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving part; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  (Citations omitted.)  *Xerox Corp. v. 3Com Corp.,* 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

### *Prejudice to the Non-Moving Party*

With regard to prejudice to Counterclaimants, Plaintiff contends that a stay of the proceedings will benefit Counterclaimants because they will not be required to prove the '588 Patent invalid by clear and convincing evidence prior to the PTO reexamining the

---

[1] Defendants Array and Terleski sought and were granted leave to file their answer within 10 days after the Court's ruling on the pending motion to stay the proceedings.

'588 Patent in light of the referenced Prior Art. Plaintiff further notes that it has not requested a preliminary injunction in this lawsuit, and therefore Counterclaimants are not prohibited from continuing to sell their allegedly infringing products during the pendency of the stay.

In their opposition, rather than respond to substance of Plaintiff's contentions, Counterclaimants contend that granting the stay will result in prejudice because they have already incurred costs to defend themselves and that "regardless of the outcome of the application in the USPTO, [Counterclaimants] will still pursue its claims for relief for the costs they have incurred." Counterclaimants contend that Plaintiff breached its duty of candor when it filed for the '588 Patent because it did not disclose the Prior Art. Counterclaimants contend that "they would be at a severe disadvantage tactically regarding their request under 35 U.S.C. §285."

35 U.S.C. §285 states that "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Counterclaimants' opposition based upon a presumption of attorney fees is conclusory and without basis. The opposition does not appear to take into account that while the proceedings are stayed no attorney fees will be incurred, thus reducing the amount of fees at the ultimate outcome of this case. Further, although the issue of attorney fees will not be resolved at the PTO level, the outcome of the reexamination will without a doubt simplify these proceedings, as discussed below, again reducing costs and fees. Therefore the reexamination has a direct relationship to the amount of attorney fees incurred. Perhaps this is the exact outcome Counterclaimants are attempted to avoid.

On March 14, 2011, Counterclaimants filed a motion for leave to amend the answer, specifically stating that they sought to amend their counterclaim to plead the issue of attorney fees with specificity. This motion to amend undercuts Counterclaimants' argument that the Court should not stay the case due to attorney fees when they appear to be now intentionally incurring fees. Counterclaimants' opposition borders on frivolous in that it discusses post-judgment issues when by their own admission they have not even finalized their counterclaims. It is presumptuous to assume in a case that has not even been set for a case management conference that the outcome is so clear to necessitate a discussion of attorney fees at the outset. Regardless, even if the Court were to take Counterclaimants arguments at face value and presume they will eventually be awarded attorney fees, the reexamination of the '588 Patent will no doubt affect the amount of attorney fees at issue. Thus, there is not even a colorable argument that the Counterclaimants would be prejudiced in any way by a stay of these proceedings.

*Simplification of Issues in Question*

The Court takes judicial notice of the statistic from the PTO's Quarterly Report that only 11% of inter partes reexamination result in confirmation of all of the claims presented. Therefore, it is highly likely that the issues in the present case will be affected by the outcome of the '588 reexamination. A stay pending these proceedings would allow the parties to preserve their resources by simplifying the issues in question.

"When a claim is cancelled as a result of reexamination, there is no need to try the issue, thus simplifying litigation. When claims survive reexamination, the expert view of the PTO can assist the court in determining patent validity, thus simplifying trial." (Citations omitted.) *01 Communique Laboratory, Inc. v. Citrix Systems, Inc.,* No.

06CV0253, 2008 WL 696888, at *2 (N.D. Ohio 2008).  The Sixth Circuit has noted that "[s]tatistically speaking, there is a very small chance that all of the claims will survive reexamination without amendment." *Id.*  Accordingly, there is a substantial likelihood that the issues in question will be simplified.

*Stage of Litigation*

The complaint in this case was filed on December 10, 2010.  As all of the Defendants have yet to answer the complaint, the Court has yet to hold its initial case management conference.  Therefore, no dates have been set concerning this litigation.  The early stage of this litigation weighs in favor of the stay.

**III.   Conclusion**

For the foregoing reasons, the Court finds that a stay of proceedings is appropriate pending the conclusion of the reexamination of the patents-in-suit.  Plaintiff's motion is GRANTED.

The instant matter is hereby PERPETUALLY STAYED and the within case is hereby CLOSED subject to notification by either party of the conclusion of the PTO's reexamination process.  Finally, Defendant's motion to amend their Counterclaim is DENIED AS MOOT.

IT IS SO ORDERED.


Dated:  March 22, 2011             */s/ John R. Adams*_____
                                   UNITED STATES DISTRICT JUDGE